UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Salon XL Color & Design Group, LLC,

    Plaintiff,

v().                                                                     Civil Case No. 20-11719

West Bend Mutual Insurance Company,                 Honorable Sean F. Cox

    Defendant.
_____/

**<u>OPINION AND ORDER GRANTING IN PART
DENYING IN PART DEFENDANT'S MOTION TO DISMISS</u>**

    This is an insurance coverage dispute. Plaintiff Salon XL Color & Design Group, LLC ("Salon XL"), sued Defendant, West Bend Mutual Insurance Company ("West Bend"), for declaratory judgment, breach of contract, and violating the Michigan Uniform Trade Practices Act. (Am. Compl. ECF No. 13). The matter currently before the Court on West Bend's Motion to Dismiss Plaintiff's Amended Complaint, brought pursuant to Fed. R. Civ. P. 12(b)(6). A zoom hearing was held December 17, 2020. For the reasons set forth below, the Court grants in part denies in part West Bend's motion to dismiss Salon XL's Amended Complaint.

**BACKGROUND**

    Salon XL commenced this action on or about June 5, 2020, in the Circuit Court of Washtenaw, Michigan. (Compl. ECF No. 1 at 17-26). On June 26, 2020, West Bend removed the matter to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1).

1

On July 17, 2020, West Bend moved to dismiss pursuant to Rule 12(b)(6). (ECF No. 10). In an order regarding that motion, this Court granted Plaintiff the opportunity to file an amended complaint. (ECF No. 12).

Plaintiffs filed an Amended Complaint on August 17, 2020. (ECF No. 13). As such, that pleading superseded and replaced the original complaint. The filing of this new pleading also rendered moot the motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 10) that challenged the original complaint.

The Amended Complaint includes one count seeking declaratory judgment, one count of breach of contract, and one count alleging that West Bend violated the Uniform Trade Practices Act.

Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in Salon XL's Amended Complaint are taken as true. (ECF No. 13); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Salon XL is a hair salon in Ann Arbor, Michigan that was forced to close due to the Executive Orders issued by Governor Whitmer in response to the COVID-19 global pandemic. (Am. Compl. at 9). Salon XL had purchased a commercial property insurance policy (the "Policy"), which included business interruption insurance from West Bend. (Am. Compl. at 3). Under the Policy, West Bend would "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Policy, attached as Ex. A to Am. Compl., ECF No. 13-2, PageID 336). The Policy included coverages for Business Income, Extra Expense, Civil Authority, and Communicable Disease Business Income and Extra Expense. (Policy, PageID 369, 371, 373, 376).

Salon XL submitted a claim to West Bend requesting coverage for its business interruption losses that occurred during the salon's closure required under the Executive Orders. (Am. Compl. at 9). On April 3, 2020, West Bend denied all of Salon XL's claims for coverage. (Denial Letter, attached as Ex. B to Am. Compl.).

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the

3

Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

"[C]onstruction and interpretation of an insurance contract is a question of law . . . ." *Henderson v. State Farm Fire and Casualty Co.*, 460 Mich. 348, 353 (1999). In this case, the Court interprets the language of the insurance policy and its terms in accordance with Michigan's well-established principles of contract construction. *Id*. "An insurance contract must be enforced in accordance with its terms. We will not hold an insurance company liable for a risk it did not assume." *Frankenmuth Mut. Ins. Co. v. Masters*, 460 Mich. 105, 111 (1999).

Michigan courts engage in a two-step process when determining coverage under an insurance policy: "(1) whether the general insuring agreements cover the loss and, if so, (2) whether an exclusion negates coverage." *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 821 (6th Cir. 2018) (citing *Auto-Owners Ins. Co. v. Harrington*, 455 Mich. 377 (1997).

Ambiguities in an insurance contract are construed in favor of the insured. *Masters*, 460 Mich. at 111. However, the court will not create an ambiguity where the terms of the contract are clear. *Id*. "The fact that a policy does not define a relevant term does not render the policy ambiguous." *Henderson*, 460 Mich. at 354. The Court "will interpret the terms of an insurance contract in accordance with their commonly used meaning." *Masters*, 460 Mich. at 111. (quotations removed). Whether contract language is ambiguous is a question of law. *Henderson*,

460 Mich. at 353. Where there is no ambiguity, the Court will enforce the terms of the contract as written. *Masters*, 460 Mich. at 111.

**Coverages under the Policy**

There are four specific coverages under the Policy that are relevant to Salon XL's claim: Business Income and Extra Expense coverage, Civil Authority coverages, and Communicable Disease coverage. (Am. Compl. at 3-6).

In its lengthy motion, Defendant argues a great deal over the interpretation of various undefined phrases in the Policy. However, the matter before the Court is motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a claim only needs to be facially plausible. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Salon XL has plausibly alleged that the COVID-19 particles have infected their property, exposed their staff and patrons, and therefore Salon XL "has been unable to use its property for its intended purpose." (Am. Compl. at 6). This is enough to survive a motion to dismiss when the Policy states that it will cover "direct physical loss or damage" that does not define "loss" or "damage" to exclude loss of use. (Policy, at 21-22, 29-30). The terms "damage" and "loss" in this contract is ambiguous, and ambiguities in an insurance contract are construed in favor of the insured. *Masters*, 460 Mich. at 111. West Bend's arguments over the interpretations of these commonly used words seek to impose additional pleading requirements or raise issues more appropriately resolved at the summary judgment stage.

5

Regarding the Civil Authority coverage, West Bend argues that Governor Whitmer's Executive Orders were not issued in response to the "dangerous physical conditions resulting from the damage." (Def's Br. at 28). This argument is misplaced for a motion to dismiss. Similarly, West Bend's argument regarding the Communicable Disease coverage that Salon XL has not established a casual nexus between an alleged outbreak of COVID-19 at the insured premises and Governor Whitmer's Executive Orders is also misplaced. (Def's Br. at 29-30). The Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss. *Twombly*, 550 U.S. at 555. Salon XL has alleged that Governor Whitmer issued the order due to the spread of COVID-19 throughout Michigan, including their premises and at property within a one-mile radius of the insured premises. (Am. Compl. at 9). This is a sufficient pleading to establish a causal nexus between the Executive Order and COVID-19's presence at the insured property and properties within a one-mile radius of it to survive a motion to dismiss.

**Exclusions to Coverage**

After determining that the general insuring agreements covered the loss alleged, the Court must now determine "whether an exclusion negates coverage." *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 821 (6th Cir. 2018). West Bend argues that the Virus or Bacteria and Consequential Losses exclusions preclude Business Income, Extra Expense, and Civil Authority coverage in this case. (Def's Br. at 33).

**Virus or Bacteria Exclusion**

The Policy provides: West Bend "will not pay for loss or damage caused by or resulting from . . . any virus, bacterium or other microorganism that includes or is capable of inducing physical distress, illness, or disease." (Policy, 47-48, 50).

6

West Bend argues that "Salon XL's alleged losses caused by COVID-19 fall directly within the Virus or Bacteria exclusion" because COVID-19 is a virus." (Def's Br. at 33). West Bend does not dispute that COVID-19 is a virus. (Pl's Br. at 33). However, West Bend argues that in addition to being a virus, COVID-19 is also a "communicable disease" as defined in the policy. (Pl's Br. at 23). "A special grant of coverage for communicable diseases followed by an exclusion for virus or bacteria cannot plausibly exist in the same policy." (Pl's Br. at 23). Salon XL further argues that "[t]his contradictory language is the very definition of an ambiguity which must be construed in favor of Salon XL." (Pl's Br. at 23). However, West Bend is only asserting that the exclusion applies to the Business Income, Extra Expense, and Civil Authority coverages. (Def's Br. at 33). In West Bend's reply brief, it expands upon how the exclusion is incorporated into the Policy as a whole:

> The Policy's exclusions eliminate certain risks from being Covered Causes Of Loss, with the Virus or Bacteria exclusion specifically eliminating virus as a Covered Cause Of Loss. Communicable Disease coverage does not require "direct physical loss of or damage to property" caused by a Covered Cause Of Loss. In contrast, the Covered Cause Of Loss requirement is embedded in the Business Income, Extra Expense, and Civil Authority coverages. Thus, the exclusion applies to those coverages vis-à-vis the Covered Cause Of Loss requirement, without creating ambiguity with regard to Communicable Disease coverage.

(Def's Reply, at 11) (citations removed).

The Virus or Bacteria Exclusion is clearly written to exclude "any virus" from the Business Income, Extra Expense, and Civil Authority coverages. (Policy, at 47-48, 50). Neither party disputes that COVID-19 is a virus. Therefore, the Virus or Bacteria Exclusion precludes coverage for the Business Income, Extra Expense, and Civil Authority Coverages, but it does not preclude the Communicable Disease coverage.

**Consequential Losses Exclusion**

Under the Consequential Losses exclusion, West Bend will not pay for "delay, loss of use or loss of market" (Policy, at 47-49) for the Business Income, Extra Expense, and Civil Authority coverages. (Policy, at 51).

West Bend argues that Salon XL's allegation that it "suffered a direct physical loss and/or damage to its property . . . because it has been unable to use its property for its intended purpose" (Am. Compl. at 21) falls within the Consequential Losses exclusion. (Def's Br. at 35). Salon XL argues that language in this exclusion is ambiguous and that it makes the coverages illusory. (Pl's Br. at 35). West Bend clarifies in its reply brief that it is simply arguing that "coverage is precluded for alleged 'loss of or damage to property' caused by a bare loss of use." (Def's Reply at 12).

In the Complaint, Salon XL alleged that the COVID-19 particles had infected their property, exposed their staff and patrons, and therefore Salon XL "has been unable to use its property for its intended purpose." (Am. Compl. at 21). In other words, Salon XL alleged that the "loss or damage of property" they suffered was the loss of use of the property. Under the Consequential Losses exclusion, West Bend will not pay for "loss of use."

For these reasons, the Consequential Losses Exclusion precludes coverage for the Business Income, Extra Expense, and Civil Authority coverages, but the it does not preclude the Communicable Disease coverage.

## CONCLUSION

Salon XL has alleged plausible facts to state a claim for relief under the Policy, but the Virus and Bacteria Exclusion and the Consequential Losses Exclusion precludes coverage under

8

the Business Income, Extra Expense, and Civil Authority coverages. Salon XL's claim under the Communicable Diseases coverage survives this motion to dismiss.

For the reasons explained above, the Court GRANTS in part DENIES in part Defendant's motion to dismiss the Amended Complaint because Salon XL has alleged plausible facts to state a claim under the Communicable Diseases coverage in the Policy.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  February 4, 2021